**SO ORDERED.**

**SIGNED this 26 day of April, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOHN WAYNE ALAN HOLDEN,

    DEBTOR

CHAPTER 11
CASE NO. 11-05177-8-RDD

## ORDER ON OBJECTIONS TO CLAIM

Pending before the Court is the Objection to Claim objecting to Claim No. 10 and the Objection to Claim objecting to Claim No. 11 filed by John Wayne Alan Holden (the "Debtor") on July 20, 2012 and Security Savings Bank's Response to Debtor's Objection to SSB's Claim 10 and Claim 11 filed by Security Savings Bank on August 22, 2012 (the "Response"). The Debtor filed amended objections to Claim No. 10 on October 2, 2012 and March 7, 2013 and amended objections to Claim No. 11 on August 15, 2012, October 2, 2012, and March 7, 2013.[1] Security Savings Bank filed a response to the October 2, 2012 amended objections to Claim Nos. 10 and 11 on November

---

[1] The amended objections filed on March 7, 2013 were filed on the same day that the Court held the hearing on the objections to Claim Nos. 10 and 11. Counsel for the Debtor indicated to the Court that the amended objections removed an objection to post-petition interest upon which the parties had reached an agreement. Though the 30 day notice period on the objections had not run, the parties waived any such response time as they were prepared for argument and filed the amendment to the objections for the purpose of preserving the record for appeal.

5, 2012. The Court conducted a hearing on the Objections to Claim and the responses thereto on March 7, 2013 in Wilson, North Carolina.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on July 5, 2011. The Debtor is an individual in the business of purchasing, developing, and managing real property in Brunswick County, North Carolina. The Debtor executed three (3) promissory notes in favor of Security Savings Bank ("SSB"). The Debtor and The Holden Trading Company, an entity solely owned by the Debtor, executed the first note, in the original principal amount of $700,000.00, on October 27, 2004 ("Note 1"). Note 1 is secured by a deed of trust in favor of SSB recorded in Book 2033, Page 466 of the Brunswick County, North Carolina Register of Deeds. The property securing Note 1 is not owned by the Debtor, but by The Holden Trading Company, which filed its own voluntary Chapter 11 petition on April 27, 2012, case number 12-03219-8-RDD. The Debtor executed the second note, in the original principal amount of $500,000.00, on June 29, 2007 ("Note 2"). Note 2 is unsecured. The Debtor executed the third note, in the original principal amount of $1,000,000.00, on June 29, 2007 ("Note 3"). Note 3 is secured by a deed of trust in favor of SSB recorded in Book 2635, Page 95 of the Brunswick County, North Carolina Registry of Deeds. The Debtor defaulted on Notes 1, 2, and 3 and SSB sought remedies pursuant to the terms of the notes and state law.

The Debtor pledged no property of his own to secure Note 1 and as such, the claim is also being treated under the confirmed plan in The Holden Trading Company bankruptcy case. Therefore, this debt is unsecured debt as to the Debtor because as a guarantor on Note 1, his obligation to SSB is not secured. Note 2 is also unsecured debt of the Debtor as the Debtor pledged

no collateral for the note. Note 3 was secured by real property owned by the Debtor. SSB conducted a foreclosure sale of the property securing Note 3 with the highest bid received being $624,000.00. After crediting $624,000.00 to the balance owed on Note 3, the Debtor is liable for a deficiency in the amount of $427,770.27. Therefore, all of SSB's claims in the Debtor's bankruptcy case are unsecured.

SSB filed Proof of Claim No. 10 in the amount of $1,076,689.38 on August 26, 2011 on account of Notes 2 and 3. SSB filed Proof of Claim No. 11 in the amount of $651,331.31 on August 26, 2011 on account of Note 1. The Debtor filed the original objections to Claim Nos. 10 and 11 on the basis that SSB sought attorney's fees in amount of fifteen percent (15%) of the outstanding balance due on the notes pursuant to N.C. Gen. Stat. § 6-21.2(2).[2] The Debtor requested the Court deny this amount entirely because the language in the notes provided for actual attorney's fees, not reasonable attorney's fees pursuant to § 6-21.2(2).[3] In the Response, SSB stated that Claim Nos. 10 and 11 included attorney's fees in amount of fifteen percent (15%) of the outstanding balance due on the notes pursuant to N.C. Gen. Stat. § 6-21.2. However, SSB filed Amended Claim No. 10,

---

[2] N.C. Gen. Stat. § 6-21.2(2) provides, "If such note . . . provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note . . . ." N.C. Gen. Stat. § 6-21.2(2) (2013).

[3] The relevant language in Notes 1, 2, and 3 provides:

ATTORNEY'S FEES; EXPENSES. Lender may hire or pay someone also to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

reducing the amount claimed to $1,031,143.99 and Amended Claim No. 11, reducing the amount claimed to $637,620.75 on October 1, 2012, accounting for the decrease in attorney's fees to the actual attorney's fees expended. Amended Claim No. 10 seeks pre-petition and post-petition attorney's fees in the amount of $22,600.93. Amended Claim No. 11 seeks pre-petition and post-petition attorney's fees in the amount of $22,600.94.[4]

In the Amended Objections to Claim filed on October 2, 2012, the Debtor objected to attorney's fees in the amount of $22,600.94 and post-petition interest in the amount of $69,381.84 as sought in amended Claim No. 10 and attorney's fees in the amount of $22,600.94 and post-petition interest in the amount of $48,527.60 as sought in amended Claim No. 11. The Debtor requested that these claimed amounts be denied in their entirety. According to the Affidavit of Attorney Regarding Attorney's Fees filed by counsel for SSB on March 4, 2013, the total post-petition attorney's fees related to both Claim Nos. 10 and 11 is $36,859.90.

In the Second Amended Objections to Claim filed on March 7, 2013, the Debtor objected to SSB's claim for post-petition attorney's fees on a claim that is wholly unsecured. More particularly, the Debtor objects to the post-petition attorney's fees as they are not allowed pursuant to 11 U.S.C. § 502 or any other provision of the Bankruptcy Code. The Debtor argues that any post-petition attorney's fees sought should be disallowed in their entirety for both Claim Nos. 10 and 11. Therefore, the Debtor objects to the allowance of $36,859.90 for post-petition attorney's fees related to Claim Nos. 10 and 11 as provided by the Affidavit of Attorney Regarding Attorney's Fees.

At the hearing, the parties acknowledged the thirty (30) day notice period on the Second Amended Objections to Claim had not run. However, the parties conceded that the issues presented

---

[4] The Debtor does not object to the reasonableness of the attorney's fees claimed.

4

in the Second Amended Objections to Claim and the original Objections to Claim were the same, with the exception of the issue of post-petition interest, which the parties compromised on prior to the hearing. Therefore, the parties had no objection to proceeding with the hearing.

  The question presented by the Debtor at the hearing was whether an unsecured creditor is entitled to post-petition attorney's fees under a confirmed Chapter 11 plan if the debtor is solvent, as the Debtor is in this case, and all creditors will be paid in full. In answering this question, the Debtor asserts that post-petition attorney's fees should not be allowed on unsecured claims pursuant to 11 U.S.C. § 502 when read in conjunction with 11 U.S.C. § 506(b). The Debtor explains that § 502 allows post-petition claims in very limited circumstances. The Debtor further asserts that § 506 is the only provision of the Bankruptcy Code that specifically allows post-petition attorney's fees associated with a creditor's claim and only in the instance where a creditor is oversecured. Therefore, the Debtor argues that because the Bankruptcy Code does not specifically allow an unsecured creditor to receive post-petition attorney's fees, any amount of attorney's fees claimed by an unsecured creditor should be disallowed.

  SSB frames the issue in a slightly different manner, posing the question as whether attorney's fees incurred by SSB post-petition are allowable as part of SSB's unsecured claim pursuant to § 502. SSB argues that pursuant to the Supreme Court's holding in *Travelers Cas. & Sur. Co. of America v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199 (2007), § 502(b) of the Bankruptcy Code does not disallow contract based claims for attorney's fees. Therefore, SSB argues the post-petition attorney's fees should be included in the amount of SSB's allowed claim. Further, SSB argues that the Supreme Court declined to address the issue of whether § 506(b)'s prohibition of attorney's fees

in the claim of an undersecured creditor applies to unsecured creditors, and as such, the claim should be allowed. SSB cites authority from this district in support of its argument.

## DISCUSSION

Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502 further provides if an objection to a claim is made, the court shall determine the amount of the allowed claim as of the date of the filing of the petition, except to the extent that one of the exceptions enumerated in § 502(b) applies to the claim. 11 U.S.C. § 502(b). The court shall allow the claim unless,

> (1) such claim is unenforceable against the debtor . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
> (2) such claim is for unmatured interest;
> (3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
> (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
> (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
> (6) if such claim is the claim of a lessor for damages from the termination of a lease of real property . . . ;
> (7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract . . . ;
> (8) such claim results from reduction, due to late payment, in the amount of . . . credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or
> (9) proof of such claim is not timely filed . . . .

11 U.S.C. § 502(b).

The party in interest objecting to a claim filed under § 502 "must introduce evidence to rebut the claim's presumptive validity." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004)

(citing Fed. R. Bankr. P. 9017, Fed. R. Evid. 301). If the party in interest introduces evidence that rebuts the claim's validity, "the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *Id.* As SSB's claim is for attorney's fees, the relevant exception in the present case is § 502(b)(1), which disallows any claim that "is unenforceable against the debtor and the property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."[5] 11 U.S.C. § 502(b)(1). Therefore, the Debtor carries the burden of proving that SSB's claims are unenforceable "under any agreement or applicable law." *Id.*

In response to the objections to claims, SSB asserts that in *Travelers*, the Supreme Court held that contract-based claims for attorney's fees are not expressly disallowed by § 502(b) on the basis that a creditor is the holder of an unsecured claim against the bankruptcy estate. As such, SSB argues that because its claim for attorney's fees is not disallowed by § 502(b), *Travelers* suggests the attorney's fees should be allowed for the unsecured claims.

In *Travelers*, the Supreme Court specifically addressed a rule adopted by the Court of Appeals for the Ninth Circuit, which prohibited recovery of attorney's fees for post-petition litigation involving federal bankruptcy law. When determining whether the Bankruptcy Code precludes an unsecured creditor from recovering attorney's fees under a pre-petition contract, the Supreme Court held that the Bankruptcy Code does not disallow claims for attorney's fees solely because the fees were incurred litigating bankruptcy issues. *Travelers*, 549 U.S. at 446 127 S.Ct. at 1202. The

---

[5] The remaining "claim[s] for attorney's fees [have] nothing to do with [unmatured interest,] property tax, child support or alimony, services provided by an attorney of the debtor, damages resulting from the termination of a lease or employment contract, or the late payment of any employment tax" and were not untimely filed such that §§ 502(b)(2)-(9) apply. *Travelers*, 549 U.S. at 450, 127 S.Ct. at 1204.

7

Supreme Court found that the Ninth Circuit relied on its "own creation–the so-called *Fobian* rule–which dictates that 'attorney fees are not recoverable in bankruptcy for litigating issues'" involving federal bankruptcy law.[6]  *Id*. at 451, 1205.  The Court held "[t]he absence of textual support [in the Bankruptcy Code] is fatal for the *Fobian* rule." *Id*. at 452, 1206.  Further, the Court "generally presume[s] that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." *Id*.

The Supreme Court analyzed the nine (9) exceptions provided in § 502(b) and found the only applicable exception was § 502(b)(1). *Id*. at 449-50, 1204.  The Court read § 502(b)(1)'s exclusion of any claim that is "'unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such claim is contingent or unmatured'" to mean that "any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Id*. at 450, 1204 (citing 4 Collier P 502.03[2][b], at 502-22).  The Court recognized the "'basic federal rule' in bankruptcy is that state law governs the substance of claims." *Id*. at 450, 1205 (quoting *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 1955 (2000)).  As such, "when the Bankruptcy Code use[s] the word 'claim'–which the Code itself defines as a 'right to payment,' 11 U.S.C. § 101(5)(A)–it is usually referring to a right to payment recognized under state law." *Id*. at 451, 1205.  Accordingly, "'there is no reason why [property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" *Id*. (quoting *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979)).  Thus, it is well

---

[6] The Court referred to the Ninth Circuit's holding *Fobian v. Western Farm Credit Bank*, 951, F.2d 1149 (9th Cir. 1991), which provided where the issues litigated involved "issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Id*. at 1153 (citing *Collingwood Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.)*, 744 F.2d 686, 693 (9th Cir. 1984)).

established that a determination of whether a claim is unenforceable is made based on state law, "'unless some federal interest requires a different result.'" *Id*.

The Supreme Court explained that the Ninth Circuit did not find the claim for attorney's fees unenforceable under § 502(b)(1) pursuant to applicable state or federal law or any provision of the Bankruptcy Code. *Id*. at 451, 1205. Instead, the court of appeals denied the claim for attorney's fees based on its own rule prohibiting attorney's fees when the underlying litigation involves bankruptcy law issues. *Id*. The Supreme Court found no support for such a rule in the Bankruptcy Code because claims are presumed enforceable pursuant to state law unless expressly disallowed. *Id*. at 452, 1205. As no party offered evidence as to why the claim for attorney's fees should be disallowed, the Court determined the presumption that claims are generally allowed unless expressly disallowed was not overcome. *Id*. at 453, 1206.

Like the Debtor in the present case, the debtor in *Travelers* also argued that § 506(b) disallows undersecured or completely unsecured claimants recovery for contractual attorney's fees because § 506(b) "authorizes claims for contractual attorney's fees to the extent the creditor is over secured, but disallows such claims to the extent the creditor is either not oversecured or . . . completely unsecured." *Id*. at 454, 1207. However, the Supreme Court found that the debtor did not raise the argument below thus, it was not addressed by any of the lower courts and as such did not consider the § 506(b) argument. Therefore, the Court's holding expressed "no opinion with regard to whether . . . other principles of bankruptcy law might provide an independent basis for disallowing [a creditor's] claim for attorney's fees." *Id*. at 456, 1207.

Subsequent to *Travelers*, various courts have dealt with the § 506(b) issues the Supreme Court declined to address. The cases cited by the Debtor, suggest § 502(b) must be read in

9

conjunction with § 506(b), which limits the allowance of attorney's fees only to oversecured creditors. These cases find § 506(b) precludes inclusion of attorney's fees on both undersecured and unsecured claims. *In re Seda France, Inc.*, 2011 Bankr. LEXIS 2874 (sustaining the debtor's objection to a claim for post-petition attorney's fees as part of creditor's unsecured claim); *In re Elec. Mach. Enters., Inc.*, 371 B.R. 549 (Bankr. M.D. Fl. 2007) (finding a totally unsecured claim is not entitled to post-petition to attorneys' fees). Other cases, such as those cited by SSB, provide that § 506(b) does not preempt post-petition attorney's fees for all creditors. *Centre Ins. Co. v. STNL Corp. (In re STNL Corp.)*, 380 B.R. 204, 219-20 (9th Cir. BAP 2007) *aff'd* 571 F.3d 826 (9th Cir. 2009) (finding § 506(b) is irrelevant and the court must look to § 502(b) in determining the allowability of an unsecured claim); *Ogle v. Fidelity & Deposit Co. of Md.*, 586 F.3d 143, 148 (2d Cir. 2009) ("[S]ection 506(b) does not implicate unsecured claims for post-petition attorney's fees, and it therefore interposes no bar to recovery.").

In objecting to the claims, the Debtor presents no evidence indicating that the claims are unenforceable under any contract or agreement, but rather suggests that the claims are disallowed by the Bankruptcy Code pursuant to a narrow reading of § 502 in conjunction with § 506(b). In support of this argument, the Debtor cites case law from several bankruptcy courts to support its proposition that a wholly unsecured creditor is not entitled to a claim for post-petition attorney's fees pursuant to §§ 502, 506(b). The Debtor argues the holding in *In re Seda France, Inc.*, No. 10-12948-CAG, 2011 Bankr. LEXIS 2874 (W.D. Tex. July 22, 2011) is persuasive as the facts are analogous to those in the Debtor's case.[7] In *Seda France, Inc.*, the bankruptcy court considered the Supreme

---

[7] In *In re Seda France, Inc.*, a creditor filed a proof of claim seeking payment for post-petition attorney's fees of at least $76,125.68 as part of its unsecured claim. The debtor objected to the allowance of the post-petition attorney's fees as part of the claim and the bankruptcy court

10

Court's holding in *Travelers* and determined that the Supreme Court carefully limited the scope of its holding to find that the Bankruptcy Code "does not disallow unsecured creditors' claims for attorneys' fees 'based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law.'"  *In re Seda France, Inc.*, 2011 Bankr. LEXIS 2874 at *6-7 (quoting *Travelers*, 549 U.S. at 449, 127 S.Ct. 1204).  *Seda France* explains that the Court "reserved opinion regarding 'whether . . . other principles of bankruptcy law might provide an independent basis for disallowing' an unsecured creditor's claim for post-petition attorneys' fees."  *Id*. at *7 (quoting *Travelers*, 549 U.S. at 456, 127 S.Ct. 1207-08).  The bankruptcy court concluded that because post-petition fees are allowed by § 506(b), instead of § 502(b), post-petition fees cannot be allowed for undersecured or wholly unsecured creditors as neither receive the benefit of § 506(b).  *Id*. at *11-12.[8]

The bankruptcy court in *Seda France, Inc.*, further reasoned policy does not support an unsecured creditor's recovery of post-petition attorney's fees because it would violate the central purpose of the bankruptcy system of equality among creditors and cause frustration in administration

---

sustained the debtor's objection.

[8] In reaching this conclusion, the bankruptcy court relies on the conclusions of Mark S. Scarberry in *Interpreting Bankruptcy Code Sections 502 and 506: Post-Petition Attorneys' Fees in a Post-Travelers World*, 15 AM. BANKR. INST. L. REV. 611 (2007). In his interpretation of the relevant sections of the Bankruptcy Code, Scarberry posits that § 502(b) allows a claim in an amount determined as of the petition date. *Id*. at 648-49. The allowed amount of the claim as established by § 502(b) is then analyzed under § 506(a), which determines the amount of the creditor's secured claim and unsecured claim, if any. *Id*. at 649. Finally, § 506(b) provides that where a secured claim is secured by property, the value of which is greater than the amount of the claim, a creditor is entitled to post-petition fees, costs, and other charges. *Id*. Because fees, interest, and other charges are not added to a claim until analysis of the claim passes through § 506(b), Scarberry asserts "we are left with the clear conclusion that post-petition fees cannot be allowed in favor of undersecured creditors or wholly unsecured creditors, neither of whom receive any benefit from section 506(b)." *Id*. at 651. Scarberry asserts this is the majority position. *Id*.

of the case. *Id*. at *15-16. Finally, the court found the mere fact that the debtor is solvent should not allow for recovery of attorney's fees on unsecured claims. The bankruptcy court reasoned that the Bankruptcy Code "contains no requirement that debtors be insolvent" and a solvent debtor may "seek relief under the Code in good faith, and modify the rights of creditors." *Id*. *19-20 (citing Mark S. Scarberry in *Interpreting Bankruptcy Code Sections 502 and 506: Post-Petition Attorneys' Fees in a Post-Travelers World*, 15 AM. BANKR. INST. L. REV. 611, 647-48 (2007)).

The Debtor also cites *In re Saunders*, 130 B.R. 208 (Bankr. W.D. Va. 1991) and *In re Elec. Mach. Enters., Inc.*, 371 B.R. 549 (Bankr. M.D. Fl. 2007) to support the proposition that an unsecured creditor is not entitled to recover post-petition attorney's fees or other charges pursuant to § 506(b). In *Saunders*, the bankruptcy court reasoned that if "Congress had intended for holders of both secured claims and unsecured claims to recover attorneys' fees, it could have easily said so [in § 506(b)]. But it did not." *In re Saunders*, 130 B.R. at 201.

In *Electric Machinery Enterprises, Inc.*, the bankruptcy court adopted what it contends is the majority view in finding that an unsecured creditor is not entitled to recover post-petition attorney's fees. The court espoused four (4) primary reasons the majority courts reached this conclusion. The first relates to the plain language of § 506(b), which provides "*[to] the extent* that an allowed secured claim [is oversecured], *there shall be allowed* to the holder of such claim, interest . . . and any reasonable fees, costs and charges." *Elec. Mach. Enters., Inc.*, 371 B.R. at 551 (quoting 11 U.S.C. § 506(b)) (alteration in original) (emphasis in original). The court explains this language "demonstrates the congressional intent to create an exception to the general rule that claims are to be determined as of the petition date, exclusive of post-petition interest, attorneys' fees, and other charges," but to the extent the claim is oversecured, it shall be allowed interest and fees. *Id*. Second,

because the Supreme Court's holding in *United Sav. Ass'n v. Timbers*, 484 U.S. 365, 108 S.Ct. 626 (1988) found § 506(b) expressly denies an undersecured creditor post-petition interest on the creditor's claim, post-petition attorney's fees on an unsecured claim are also prohibited. Third, the plain language of § 502(b) requires determining the amount of a claim on the date of the filing of the bankruptcy petition. Inclusion of post-petition attorney's fees is therefore prohibited with the exception of oversecured claims pursuant to § 506(b). Finally, the court noted equitable considerations and the policy of providing equal distribution to similarly situated creditors according to the Bankruptcy Code's priorities requires denying unsecured creditors the right to claim post-petition attorney's fees.

However, the case law cited by the Debtor is unpersuasive and distinguishable from the present facts. For instance, both *In re Saunders* and *In re Miller* involve undersecured claims as opposed to wholly unsecured claims in the present case. *In re Saunders*, 130 B.R. at 209 (Chapter 13 debtors proposed to pay a creditor's claims secured by two motor vehicles and a mobile home in full, plus attorney's fees to alleviate the obligations of any co-signers on the debts);[9] *In re Miller*, 344 B.R. 769, 770 (Bankr. W.D. Va. 2006) (creditor sought payment up to the value of the collateral as a secured claim plus an additional unsecured claim for the deficiency and attorney's fees). The other cases cited by the Debtor find the majority of courts hold "that an unsecured creditor is not entitled to collect post-petition attorneys' fees, costs, and other similar charges -- even if there is an

---

[9] The bankruptcy court noted that for the purpose of the issue before it, "there [was] no difference between an unsecured claim of a creditor without security and the unsecured portion of a claim where the value of the security is less than the amount of the debt." *In re Saunders*, 130 B.R. at 201. This Court cannot find that there is "no difference" between unsecured and unsecured deficiency claims. If Congress intended to deny holders of an unsecured claim recovery of attorney's fees pursuant to § 506(b) it could have easily included such language.

underlying contractual right to do so." *In re Seda France, Inc.*, 2011 Bankr. LEXIS at *1 (citations omitted); *Elec. Mach. Enters., Inc.*, 371 B.R. at 550.  However, all of the cases the courts in *Seda France* and *Electric Machinery Enterprises, Inc.* cited as holding the majority view were decided prior to the Supreme Court's decision in *Travelers*, and failed to consider its implications.  *In re Seda France, Inc.*, 2011 Bankr. LEXIS at *1, n.1; *Elec. Mach. Enters., Inc.*, 371 B.R. at 550 (citations omitted).

In determining the issue before it, the Court finds the insight of the Eleventh Circuit pre-*Travelers* opinion *Welzel v. Advocate Realty Invs., L.L.C. (In re Welzel)*, 275 F.3d 1308 (11th Cir. 2001) helpful.  The issue before the *Welzel* court was whether attorney's fees deemed reasonable should be treated along with a creditor's secured claim while fees deemed unreasonable should be treated as an unsecured claim.  In finding that the reasonableness standard applies to an oversecured creditor's claims for attorney's fees, the court discussed the interplay between § 506(b) and § 502.  The Court found the

> [l]anguage and structure [of the sections] demonstrate that §§ 502 and 506 should be read in tandem with one another, for they address complementary but different questions. Section 502 deals with the threshold question of whether a claim should be allowed or disallowed. Once the bankruptcy court determines that a claim is allowable, § 506 deals with the entirely different, more narrow question of whether certain types of claims should be considered secured or unsecured. . . . Applying [this] interpretation, the threshold question is whether [a creditor's] claim for its contractually set attorney's fees is allowed under § 502. The entire claim to fees is allowable under § 502 as long as the exceptions in subsection (b) do not apply. As already noted, none of these exceptions apply here, so [the creditor's] claim for its contractual attorney's fees passes muster under § 502. Given that the fees claim is allowed, the fees must then be assessed for reasonableness under § 506(b).

*Welzel*, 275 F.3d at 1317-18.

Though the *Welzel* court addresses the reasonableness of attorney's fees on an oversecured claim pursuant to § 506(b), the underlying determination that a claim must first be allowed pursuant to § 502 before the determination of secured status pursuant to § 506(b) applies in the present case. Courts follow this reasoning under analogous sets of facts as the present case finding,

> the allowance functions of § 506(b) and 502(b) have been incorrectly conflated. Section 502(b), which applies to claims generally, does disallow unmatured interest (see 11 U.S.C. § 502(b)(2)); it does not specifically disallow attorneys' fees of creditors or certain other charges. Section 506(b), on the other hand, specifies what may be included in a secured claim.

*SNTL Corp. v. Centre Ins. Co. (In re STNL Corp.)*, 571 F.3d 826, 842 (9th Cir. 2009) (finding § 506(b) does not preempt unsecured creditors from recovering post-petition attorney's fees based on a pre-petition contract). Further, in revisiting a pre-*Travelers* opinion allowing post-petition attorney's fees incurred for an unsecured claim, the Second Circuit held "that the Bankruptcy Code does not bar an unsecured claim for post-petition attorneys' fees authorized by a prepetition contract valid under state law." *Ogle v. Fid. & Deposit Co. of Md.*, 586 F.3d 143, 146 (2d Cir. 2009) (stating the holding in *United Merchs. & Mfrs., Inv. v. Equitable Life Assurance Soc'y of the U.S.*, 674 F.2d 134 (2d Cir. 1982) survives the Supreme Court's decision in *Travelers*). The Second Circuit explains *Travelers* states a "claim for post-petition fees 'must be allowed under § 502(b) unless it is unenforceable within the meaning of § 502(b)(1).'" *Id*. at 147 (citing *Travelers*, 549 U.S. at 449-50, 127 S.Ct. 1199). Further, the Second Circuit makes it clear that § 502(b) imposes "no bar to an unsecured creditor's ability to recover post-petition attorneys' fees" as a contingent right. *Id*. at 147.

SSB points to Eastern District of North Carolina case law that addresses the issue of post-petition attorneys' fees in the context of § 506(b) in several instances. In *F & G Leonard, L.L.C.*, the Honorable J. Rich Leonard held § 506(b) "is not a disallowance statute, however. It merely

allows an oversecured creditor to include reasonable attorneys' fees as apart of its secured claim." *In re F & G Leonard, L.L.C.*, No. 11-01297-8-JRL, 2011 WL 5909463, *2 (Bankr. E.D.N.C. Oct. 21, 2011). Under § 506(b), any attorneys' fees found to be unreasonable may be recovered as an unsecured claim. *Id*. In that case, the Chapter 11 debtor's Plan of Reorganization provided for payment of all unsecured claims in full. Therefore, the Court found if a creditor's "claim for attorneys' fee[s] and expenses is allowable under North Carolina state law, it will receive full payment of that claim." *Id*. In *Croatan Surf Club, L.L.C.*, the Honorable Stephani W. Humrickhouse found the Court need not address the allowance of post-petition attorneys' fees because post-petition interest already accounted for any equity available over the claim amount. *In re Croatan Surf Club, L.L.C.*, No. 11-00194-8-SWH, 2012 WL 1906386, *6 (Bankr. E.D.N.C. May 25, 2012). Therefore, as no equity remained, post-petition attorneys' fees were disallowed pursuant to § 506(b) and did "not morph into an allowable unsecured claim."[10] *Id*. at *7.

These cases are not analogous to the present facts as they involve secured claims, which automatically necessitate an analysis pursuant to § 506(b), whereas SSB's claims are wholly unsecured and do not trigger the implications of § 506(b). SSB calls the Court's attention to these cases to further point out that the issue of whether an unsecured creditor is allowed to claim attorney's fees in conjunction with its claim pursuant to §§ 502 and 506(b) has yet to be decided.

After review of *Travelers* and subsequent case law, this Court finds SSB's claims for attorney's fees are allowed. The Debtor's reading of § 502(b) follows the reasoning that what is not

---

[10] *F & G Leonard, L.L.C.* and *Croatan Surf Club, L.L.C.* create a conflict among the courts in this district as *F & G Leonard* allows attorney's fees claimed above those reasonable pursuant to § 506(b) as an unsecured claim while *Croatan Surf Club* does not allow attorney's fees to exist as an unsecured claim where fees extinguish the equity of an oversecured claim.

allowed by the Bankruptcy Code is expressly prohibited. *See In re Miller*, 344 B.R. at 771-72 (explaining the only section of the Bankruptcy Code that expressly authorizes payment of attorneys' fees as part of a claim is § 506(b)). Under this logic, the Debtor argues, that because the allowance of attorney's fees on an unsecured claim is not expressly allowed pursuant to § 502(b), it must then be disallowed. The Court is not prepared to adopt such a narrow reading of § 502(b). As noted in *Travelers*, the Court "generally presume[s] that claims enforceable under applicable state law will be allowed in bankruptcy unless they are *expressly disallowed*." *Travelers*, 549 U.S. at 452, 127 S.Ct. 1206 (emphasis added). Section 502(b)(1) disallows a claim to the extent the claim is "unenforceable against the debtor . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The Debtor presented no evidence to suggest the contract for attorney's fees is unenforceable other than because the underlying claims are unsecured. *Ogle*, 586 F.3d at 145 ("the Bankruptcy Code does not bar an unsecured claim for post-petition attorneys' fees authorized by a prepetition contract valid under state law").

The purpose of § 502 is to allow or disallow claims. No provision under § 502 expressly disallows attorney's fees on unsecured claims. The purpose of § 506 is to determine what amounts may be recovered from the value of the collateral, not to determine the validity of a claim. Therefore, finding no objection to the validity of the attorney's fees and that neither § 502(b) nor any other provision of the Bankruptcy Code *expressly disallow* attorney's fees in conjunction with an unsecured claim, the objections to SSB's claims are **OVERRULED**. SSB is entitled to an unsecured claim for post-petition attorney's fees in the amount of $36,859.90 on account of Claim Nos. 10 and 11.

**SO ORDERED.**

**END OF DOCUMENT**